Curia, per

Evans, J.
In the case of Broten vs. Spann, 3 Hill’s Reports, a construction was given by this Court to the trover Act of 1827; and, at the request of the counsel for the plaintiffs, we have heard further argument, and reconsidered that decision. But the re-argument has not changed the opinion expressed in that case, so far as it goes. So much, therefore, of this case, as involves the right of the plaintiffs to recover the counsel fees paid by them in the case of Rhame vs. Ferguson & Dangerfield, must be governed by the case of Brown vs. Spann. But the question of costs did not arise in that case, and we are of opinion the plaintiffs may be allowed to retain so much of their verdict as covers the taxed costs in Rhame’s case. *230 without conflicting with the case of Brown vs. Spann. In that case, it is said, in general, the Courts are open to all who conceive themselves injured, and all may lawfully bring their complaints before the Court for adjudication. The only legal consequence of failure, is the payment of such costs as the law allows. In Buffer's Nisi Prius, it is said, “it is not actionable to bring an action, though there be no good ground for it, because it is a claim of right, and the plaintiff finds pledges to prosecute, and is amercea-ble pro falso clamore, and is liable for costs.”
It would-seem from this, that although a man may bring an action without a legal cause, where there is no malice, without subjecting himself to action for damages; yet it is so far regarded illegal, as to subject him to the payment of costs. The Act of 1827, no doubt, intended to require of the plaintiff the guaranty of a bond, with security, to satisfy any legal liability growing out of the action of trover, as well to secure the payment of damages where, by law, they are recoverable, as the costs where, as in this case, the plaintiff is insolvent and unable to pay. We are, therefore, of opinion, a new trial should be had, unless plaintiffs shall release all their verdict, except so much as was rendered for the costs of the former action; and it is so ordered.
We concur. J. S. Richardson, John Belton O’Neall, A. P. Butler.
Wardlaw and Earle, absent.